**UNITED STATES, Appellee,**

v.

**Mark KRANGLE, Defendant–Appellant.**

**Docket No. 03–1794.**

United States Court of Appeals,
Second Circuit.

Aug. 8, 2005.

(On submission: Mark Krangle, Isabel McGinty, Standby counsel, Hightstown, NJ), for Appellant, pro se.

(On submission: W.S. Wilson Leung, Karl Metzner, Assistant United States Attorneys, David N. Kelley, United States Attorney, Southern District of New York, New York, NY), for Appellee.

Present: JACOBS, B.D. PARKER, Circuit Judges, and GLEESON,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Mark Krangle appeals a December 13, 2003 judgment of conviction following a jury trial in the United States District Court for the Southern District of New York (Berman, *J.*). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

1. Krangle asserts that the district court improperly managed his criminal tri-

al by failing to investigate his claims that of violations of his civil rights were violated and U.S. Marshals assaulted him. He further challenges the district court decision to limit his time to address the jury. The district court was well within its discretion both in declining to investigate Krangle's allegations and in limiting his time to address the jury. *See United States v. Yousef,* 327 F.3d 56, 114 (2d Cir.2003); *United States v. Salazar,* 485 F.2d 1272, 1279 (2d Cir.1973).

■ 2. Krangle argues that venue did not lie in the Southern District. Krangle's offense was a continuing one, *see United States v. Saavedra,* 223 F.3d 85, 89 (2d Cir.2000), and it had significant effects in the Southern District, *see id.* at 93; *see also United States v. Rowe,* 414 F.3d 271 (2d Cir.2005). Venue was therefore proper.

3. Krangle next asserts ineffective assistance of counsel. Though such claims are more appropriately brought on a petition for habeas relief, *Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), Krangle is no longer in custody and cannot bring such an action. Because the "factual record [before us] is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt" we reach the claim now. *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004).

■ It is unclear whether Krangle, who waived counsel and elected to appear *pro se* at trial, can raise an ineffective assistance claim as to conduct by his counsel prior to that waiver. We need not reach this question because Krangle's challenges are without merit in any event. His counsel's supposed failure to raise a venue argument before trial was without conse-

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

quence because we have concluded that venue was proper. *United States v. Weisser*, 411 F.3d 102 (2d Cir.2005). Krangle also challenges his counsel's decisions as to whether to call various witnesses in support of a pre-trial motion; these decisions were reasonable and fell "squarely within the ambit of trial strategy" and therefore do not support a claim of ineffective assistance. *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir.1987).

4. Krangle argues that certain evidence was improperly seized prior to his arrest in the United States. This argument is without merit. *See United States v. Jenkins*, 496 F.2d 57, 73 (3d Cir.1974) (seizure incident to lawful arrest is valid even if prior to actual arrest). The remaining evidentiary rulings Krangle challenges were well within the discretion of the district court. *United States v. Lewter*, 402 F.3d 319, 323 (2d Cir.2005).

5. The jury charge as to "true threat" was wholly appropriate. *See United States v. Malik*, 16 F.3d 45 (2d Cir.1994). Krangle objects to the district court's refusal to include the instruction that the threat be "unequivocal, unconditional, immediate, and specific"; but because the charge given "view[ed] as a whole" in no way prejudiced the defense, that objection likewise is without merit. *United States v. Pujana–Mena*, 949 F.2d 24, 27 (2d Cir.1991). Krangle contends that the evidence was insufficient as to whether emails he sent were "true threats" and to whether they evinced an intent to extort. However, the record amply supports the conclusion by a rational trier of fact that the emails were true threats and sent with the intent to extort. *See Lewter*, 402 F.3d at 321.

6. Krangle argues that the district court delivered an improper *Allen* charge because the court did not include an instruction that jurors should accept the opinion of those who interpreted the

emails in a way favorable to Krangle. Krangle's position is without legal support. *See Smalls v. Batista*, 191 F.3d 272, 275 (2d Cir.1999) (describing required elements of *Allen* charge).

7. Finally, Krangle erroneously argues that his threatening emails were protected by the First Amendment. *See Church of American Knights of the Klu Klux Klan v. Kerik*, 356 F.3d 197, 206 n. 8 (2d Cir.2004).

We have reviewed Krangle's remaining challenges and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**